UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEVEL CHAPMAN,<br><br>             Plaintiff,<br><br>      v.<br><br>RON BARES,<br><br>             Respondent. | Civ. No.  S-12-912 KJM DAD PC<br><br><br>ORDER |

On July 23, 2013, this court adopted the magistrate judge's findings and recommendations, denied petitioner's petition for a writ of habeas corpus, and declined to issue a certificate of appealability.

On September 12, 2013, the Clerk of the Court docketed petitioner's application for a certificate of appealability, request to proceed in forma pauperis on appeal, and motion for the appointment of counsel, but stamped them as having been filed on September 6, 2013, which is the date they were received in the Court of Appeals.  *See* ECF Nos. 21-23.  Petitioner signed the latter two documents on August 29, 2013.[1]  Petitioner has not filed a notice of appeal.  Even if he had, however, it would not be timely.

/////

---

[1] The request for a certificate of appealability has a typed date of October 5, 1999.  The court disregards this for purposes of computing time.

1

Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed with the district court clerk within thirty days after the entry of judgment. "[T]he taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Providence Consumer Disc. Co*., 459 U.S. 56, 61 (1982) (per curiam)). In this case, the thirty day period expired on August 23, 2013. Moreover, even though an inmate's notice of appeal will be deemed timely when it is given to prison authorities for mailing, the dates on these documents show they could not have been delivered timely. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Finally, even if this court could consider the untimely filing as a request for an extension of time in which to file a notice of appeal, petitioner has not made the necessary showing of excusable neglect. FED. R. APP. P. 4(a)(5)(A). *See Malone v. Aventi*, 850 F.2d 569, 572 (9th Cir. 1988) (stating that a district court cannot extend time on the basis of an informal application).

Accordingly, assuming that the request for a certificate of appealability is deemed a notice of appeal, the court declines to issue the certificate, grant petitioner's request to proceed in forma pauperis, or grant his motion for the appointment of counsel in this untimely appeal.

IT IS SO ORDERED.

DATED: September 19, 2013.

_____
UNITED STATES DISTRICT JUDGE